**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANTRON ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| CITY OF CHICAGO and CHICAGO POLICE | ) | |
| OFFICERS EDWARD ZEMAN, Star #19750, | ) | |
| DIANA KLAUS, Star #15865, and JEFFREY | ) | |
| DOHNAL, Star #13529, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, ANTRON ADAMS, by and through counsel, BRANDON BROWN, THE BROWN LAW LTD., and complaining of the defendants, CITY OF CHICAGO and CHICAGO POLICE OFFICERS EDWARD ZEMAN, Star #19750, DIANA KLAUS, Star #15865, and JEFFREY DOHNAL, Star #13529, states as follows:

### INTRODUCTION

This is a civil action seeking damages against defendants for committing acts under color of law, and depriving Plaintiff of his rights secured by the Constitution and laws of the United States of America.

### JURISDICTION

1. This action is brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. The jurisdiction of this Court is invoked pursuant to the judicial code 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

1

**PARTIES**

3.     PLAINTIFF ANTRON ADAMS is a citizen of the United States of America, who, at all

times relevant, resided in Cook County, Illinois.

4.     DEFENDANTS ZEMAN, Star #19750, KLAUS, Star #15865, and DOHNAL, Star

#13529, ("Defendant Officers"), were, at the time of this occurrence, duly licensed

Chicago Police Officers. They engaged in the conduct complained of in the course and

scope of their employment and under color of law. They are sued in their individual

capacities.

5.     DEFENDANT CITY OF CHICAGO ("City") is a municipal corporation duly

incorporated under the laws of the State of Illinois, and is the employer and principal of

Defendant Officers.

**FACTS**

6.     On March 20, 2020, at or around 2:40 pm, Plaintiff ANTRON ADAMS was standing

near a Bus Stop located at or around 420 S. Damen Avenue, Chicago, Illinois.

7.     Defendant Officers, without reasonable and articulable suspicion or any other lawful

basis, initiated a *Terry* stop on Plaintiff ANTRON ADAMS.

8.     At the initiation of the *Terry* stop or anytime thereafter, Plaintiff ANTRON ADAMS was

not engaged in any criminal or suspicious activity.

9.     Defendant Officers upon initiating contact with ANTRON ADAMS, while using

excessive force against Plaintiff ANTRON ADAMS, tackled and severely attacked

ANTRON ADAMS. The force used against Plaintiff was objectively unreasonable and

required immediate medical care and the hospitalization of ANTRON ADAMS.

10.     Plaintiff ANTRON ADAMS was then arrested by Defendant Officers. Plaintiff's arrest was made without a warrant. Immediately before he was arrested by the Defendant Officers, Plaintiff was not violating any laws, rules or ordinances. As the Plaintiff was being arrested, he was not violating any laws, rules, or ordinances. There was no probable cause or justification for the arrest of Plaintiff ANTRON ADAMS on March 20, 2020.

11.     At the time that Plaintiff was arrested, Defendant Officers knew that there was no probable cause or legal justification to arrest the Plaintiff.

12.     The acts of the Defendant Officers were intentional, willful and wanton and pursuant to the policy or custom of the Chicago Police Department wherein they apply the use of excessive force and hastily arrest innocent citizens as an investigatory technique.

13.     The excessive force used against Plaintiff was captured on video. Plaintiff ANTRON ADAMS requested the footage pursuant to a Freedom of Information Act Request, to which the Chicago Police Department has not fully complied.

14.     As a direct and proximate result of the unlawful actions of the defendants, Plaintiff was injured, including physical injuries, pain and suffering, humiliation, embarrassment, fear, emotional trauma, mental anguish, the deprivation of their constitutional rights and dignity, interference with a normal life, lost time, and attorneys' fees.

## **COUNT I: 42 U.S.C. § 1983 – Excessive Force**

15.     Plaintiff re-alleges the above paragraphs as though fully set forth herein.

16.     The actions of the Defendant Officers Zeman, Klaus and Dohnal constituted unreasonable, unjustifiable, and excessive force against Plaintiff, thus violating his rights under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

17.   As a direct and proximate result of the above-detailed actions of the defendants, Plaintiff

was injured, including severe pain, physical injury, mental suffering, anguish and

humiliation, emotional distress, and fear.

WHEREFORE the Plaintiff, ANTRON ADAMS, purusant to 42 U.S.C. §1983, demands

judgment against the Defendant Officers, ZEMAN, Star #19750, KLAUS, Star #15865, and

DOHNAL, Star #13529, for compensatory damages, punitive damages, the costs of this action

and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT II: 42 U.S.C. § 1983 – Failure to Intervene (Excessive Force)
### *Against Defendant Klaus*

18.   Plaintiff re-alleges the above paragraphs as though fully set forth herein.

19.   The actions of the Defendant Officers constituted unreasonable, unjustifiable, and

excessive force against Plaintiff, thus violating his rights under the Fourth Amendment to

the Constitution of the United States and 42 U.S.C. §1983.

20.   Defendant Klaus failed to intervene when Defendant Zeman and Defendant Dohnal used

unreasonable and excessive force against Plaintiff, as alleged above, even though there

was no legal basis for it.

21.   The aforementioned actions of Defendant Klaus was the direct and proximate cause of

the Constitutional violations set forth above.

22.   As a proximate result of the above-detailed actions, Plaintiff was injured, including the

deprivation of his liberty and the taking of his person. In addition, the violations

proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed

him to public scandal and disgrace, and caused him to incur various expenses, including

but not limited to attorneys' fees, all to Plaintiff's damage.

4

WHEREFORE the Plaintiff, ANTRON ADAMS, purusant to 42 U.S.C. §1983, demands judgment against the Defendant Officers, ZEMAN, Star #19750, KLAUS, Star #15865, and DOHNAL, Star #13529, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT III: 42 U.S.C. § 1983 – Failure to Intervene (Excessive Force)
### *Against Defendant Dohnal*

23.    Plaintiff re-alleges the above paragraphs as though fully set forth herein.

24.    The actions of the Defendant Officers constituted unreasonable, unjustifiable, and excessive force against Plaintiff, thus violating his rights under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

25.    Defendant Dohnal failed to intervene when Defendant Zeman and Defendant Klaus used unreasonable and excessive force against Plaintiff, as alleged above, even though there was no legal basis for it.

26.    The aforementioned actions of Defendant Dohnal was the direct and proximate cause of the Constitutional violations set forth above.

27.    As a proximate result of the above-detailed actions, Plaintiff was injured, including the deprivation of his liberty and the taking of his person. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, including but not limited to attorneys' fees, all to Plaintiff's damage.

WHEREFORE the Plaintiff, ANTRON ADAMS, purusant to 42 U.S.C. §1983, demands judgment against the Defendant Officers, ZEMAN, Star #19750, KLAUS, Star #15865, and DOHNAL, Star #13529, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT IV: 42 U.S.C. § 1983 – Failure to Intervene (Excessive Force)
### *Against Defendant Zeman*

28.     Plaintiff re-alleges the above paragraphs as though fully set forth herein.

29.     The actions of the Defendant Officers constituted unreasonable, unjustifiable, and
excessive force against Plaintiff, thus violating his rights under the Fourth Amendment to
the Constitution of the United States and 42 U.S.C. §1983.

30.     Defendant Zeman failed to intervene when Defendant Dohnal and Defendant Klaus used
unreasonable and excessive force against Plaintiff, as alleged above, even though there
was no legal basis for it.

31.     The aforementioned actions of Defendant Zeman was the direct and proximate cause of
the Constitutional violations set forth above.

32.     As a proximate result of the above-detailed actions, Plaintiff was injured, including the
deprivation of his liberty and the taking of his person. In addition, the violations
proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed
him to public scandal and disgrace, and caused him to incur various expenses, including
but not limited to attorneys' fees, all to Plaintiff's damage.

        WHEREFORE the Plaintiff, ANTRON ADAMS, purusant to 42 U.S.C. §1983, demands
judgment against the Defendant Officers, ZEMAN, Star #19750, KLAUS, Star #15865, and
DOHNAL, Star #13529, for compensatory damages, punitive damages, the costs of this action
and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT V: 42 U.S.C. § 1983 – Illegal Search and Seizure

33.     Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

34.     The actions of Defendant Officers, described above, knowingly caused Plaintiff to be unreasonably searched and seized in violation of Plaintiff's right under U.S. Constitution in violation of the Fourth and Fourteenth Amendment.

35.     As a proximate result of the above-detailed actions, Plaintiff was injured, including the deprivation of his liberty and the taking of her person. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, including but not limited to attorneys' fees, all to Plaintiff's damage.

WHEREFORE the Plaintiff, ANTRON ADAMS, purusant to 42 U.S.C. §1983, demands judgment against the Defendant Officers, ZEMAN, Star #19750, KLAUS, Star #15865, and DOHNAL, Star #13529, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT VI: 42 U.S.C. § 1983 – False Arrest

36.     Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

37.     The actions of the Defendant Officers, described above, knowingly caused Plaintiff to be arrested and imprisoned without probable cause or any other justification, constituted a deliberate indifference to Plaintiff's right under U.S. Constitution in violation of the Fourth and Fourteenth Amendment.

38.     As a proximate result of the above-detailed actions, Plaintiff was injured, including the deprivation of his liberty and the taking of his person. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, including but not limited to attorneys' fees, all to Plaintiff's damage.

WHEREFORE the Plaintiff, ANTRON ADAMS, purusant to 42 U.S.C. §1983, demands judgment against the Defendant Officers, ZEMAN, Star #19750, KLAUS, Star #15865, and DOHNAL, Star #13529, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT VII: 42 U.S.C. 1983 – Conspiracy to Deprive Constitutional Rights
### *Against Defendant Officers*

39.     Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

40.     As described more fully above, Defendant Officers reached an agreement amongst themselves to punish Plaintiff for a crime he did not commit, and to thereby deprive Plaintiff of his Constitutional rights, all as described more fully throughout this Complaint.

41.     In this manner, Defendant Officers, acting in concert with each other, have conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

42.     In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

43.     As a direct and proximate result of the illicit prior agreement referenced above, Plaintiff's rights were violated, and he suffered damages, severe emotional distress and anguish, and a deprivation of his liberty, as is more fully alleged above.

44.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff and others.

45.     As a proximate result of the above-detailed actions of Defendant Officers, Plaintiff was injured, including the deprivation of his liberty. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed her to public scandal and disgrace, and caused her to incur various expenses, all to Plaintiff's damage.

WHEREFORE the Plaintiff, ANTRON ADAMS, purusant to 42 U.S.C. §1983, demands judgment against the Defendant Officers, ZEMAN, Star #19750, KLAUS, Star #15865, and DOHNAL, Star #13529, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT VIII: 745 ILCS 10/9-102 – Indemnification

46.     Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

47.     Defendant City of Chicago is the employer of the Defendant Officers.

48.     Defendant Officers committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

WHEREFORE the Plaintiff, ANTRON ADAMS, demands that, should any Defendant Officers be found liable on one or more of the claims set forth above, pursuant to 745 ILCS 10/9-102, the Defendant, CITY OF CHICAGO, be found liable for any judgment Plaintiffs obtain, as well as attorney's fees and costs awarded.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully Submitted,

**ANTRON ADAMS**

By:     /s/ Brandon Brown

*One of Plaintiff's Attorneys*

THE BROWN LAW LTD.
4659 S. Cottage Grove Ave,
Suite 202
Chicago, IL 60653
T: 773-624-8366
F: 773-624-8365
E: bbrown@thebrownlaw.com

By:  /s/ Sean Brown
_____
*One of Plaintiff's Attorneys*

Sean Brown
The Law Office of Sean Brown
111 West Jackson Blvd.
Chicago, IL. 60604
T: 312-675-6116
F: 312-675-6001
E: attorneyseanbrown@gmail.com